# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:12-CR-180 |
| | § | |
| JAY JURDI | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT JAY JURDI'S MOTION FOR NEW TRIAL

The following are pending before the court:

1. Defendant Jay Jurdi's motion for new trial (docket entry #609) filed on May 16, 2017; and

2. Government's response to motion for new trial (docket entry #612)[1].

Having considered the motion and the response, the court finds that the motion should be denied.

A jury found the Defendant guilty on October 20, 2014 of conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and/or 50 grams or more of methamphetamine (actual). The court sentenced the Defendant on September 16, 2015 to life imprisonment. On September 22, 2015, the Defendant filed a notice of appeal, appealing his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed the judgment of this court on March 27, 2017.

On October 3, 2016, the Defendant filed a motion for new trial (docket entry #600) that is identical to the motion currently pending before the court. The Government's prior response (docket entry #602) is substantially similar to the response currently pending before the court. Although the court denied the Defendant's prior motion for new trial, the court did not reach the merits of the

---

[1]The Government's motion to continue the response date (docket entry #610) is **GRANTED**.

Defendant's motion. In the court's October 7, 2016 order, the court stated as follows:

> . . . on September 22, 2015, the Defendant filed a notice of appeal, appealing his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. In reviewing the Fifth Circuit's docket, the court notes that on October 3, 2016, the Defendant moved the Fifth Circuit to stay his appellate briefing schedule and to abate his appeal until this court issued a ruling on his recently filed motion for new trial. On October 7, 2016, the Fifth Circuit denied the Defendant's motion to stay the appeal pending this court's disposition of the motion for new trial.
>
> Since the Defendant's case is currently pending before the Fifth Circuit, and since the Fifth Circuit denied the Defendant's request to stay his appeal pending this court's disposition of his motion for new trial, this court may not issue a ruling on the Defendant's motion for new trial. *See* FED. R. CRIM. P. 33(b)(1). If the Fifth Circuit remands the Defendant's case to this court, the Defendant may re-urge his motion for new trial, if appropriate.

ORD. DENYING DEF. MTN. FOR NEW TRIAL, Dkt. #603, pp. 1-2.

The Defendant is once again moving the court for a new trial "as to sentencing" based on newly discovered evidence. In his motion for new trial, the Defendant notes that prior to trial, the Government notified the Defendant of its intention to seek an increased sentence based on the Defendant's two prior state felony drug convictions. The Government notified the Defendant that the enhancement would result in a statutorily mandated sentence of life imprisonment without release. *See* 21 U.S.C. § 841(B)(1)(a). The Defendant now argues that his two prior state felony drug convictions should have been treated as one conviction rather than two. The Defendant's first felony drug offense occurred on July 3, 1994. The Defendant's second felony drug offense occurred on December 5, 1995. On September 25, 1996, the State of Texas filed its "Notice of Consolidation and Joinder of Prosecution," consolidating and joining the two felony offenses for trial pursuant to Section 481.132 of the Texas Health and Safety Code. A jury ultimately found the Defendant guilty of both offenses and the state court sentenced the Defendant to 15 years imprisonment for each

offense, the sentences to be served concurrently. The Defendant subsequently appealed his convictions to the Second District Court of Appeals in Fort Worth. On October 29, 1998, the Second District Court of Appeals found, in pertinent part, as follows:

> TEX. HEALTH & SAFETY CODE ANN. § 481.132(b) (Vernon 1992) provides:
>
> > (b) A defendant may be prosecuted in a single criminal action for all offenses arising out of the *same criminal episode*. If a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, not later than the 30th day before the date of the trial, the state shall file written notice of the action.
>
> *Id*. (emphasis supplied). A "criminal episode" means the commission of two or more offenses where "the offenses are the repeated commission of the same or similar offenses." *Id*. § 481.132(a)(2). Section 481.132(e) of the Health and Safety Code provides: "If it appears that a defendant or the state is prejudiced by a joinder of offenses, the court may order separate trials of the offenses or provide other relief as justice requires." *Id*. § 481.132(e).
>
> Appellant was indicted for possession of [ ] methamphetamine with intent to deliver in cause number 0555206D on September 20, 1994 and in cause number 0603096D on March 26, 1996. As repeated commissions of the same offense, we find that they constitute the same "criminal episode" as defined under section 481.132(a)(2) and were properly joined in accordance with section 481.132(b).

*Jurdi v. State*, 980 S.W.2d 904, 908 (Tex. App.–Fort Worth 1998, pet. ref'd).

In his motion for new trial, the Defendant states that he did not argue at sentencing that his two prior state felony convictions resulted from the same criminal episode because counsel for the Defendant did not discover the documents detailing the same until after sentencing. The Defendant now essentially argues, however, that the Defendant's two prior state felony convictions should be considered as not only a single criminal episode, but also a single crime. As such, the Defendant's punishment range would likely be 360 months to life rather than life imprisonment.

The Defendant is moving for a new trial pursuant to Rule 33(b)(1) of the Federal Rules of

Criminal Procedure, which provides as follows:

> **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

"Rule 33 permits the district court to vacate judgment and grant a new trial 'if the interest of justice so requires.'" *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004), citing FED. R. CRIM. P. 33; *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988) ("the interest of justice standard 'requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of the trial.'"). "However, Rule 33 divides motions for new trial based on the interest of justice into two different subcategories: (1) motions based on newly discovered evidence; and (2) motions based on 'other grounds.'" *Id*. "The former may be brought within three years of the verdict or finding of guilt, while the latter must be brought within [14] days of the verdict or finding of guilt." *Id*.

Generally, a motion for new trial should not be granted "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *Id*. (citation omitted). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *Id*., citing *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997).

Here, the Defendant is seeking a new trial as to sentencing based on newly discovered evidence.[2] "Motions for new trial based on newly discovered evidence are 'disfavored and reviewed with great caution.'" *Id*. at 467 (citation omitted). "As a general rule, there are five prerequisites (typically referred to as the *Berry* rule) that must be met to justify a new trial on the ground of newly

---

[2]The Defendant timely filed his motion for new trial based on newly discovered evidence within three years after the jury found him guilty.

discovered evidence." *Id*. (footnote and citation omitted). "The defendant must prove that (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal." *Id*. (citation omitted).[3] "If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied." *Id*., citing *United States v. Freeman*, 77 F.3d 812, 817 (5th Cir. 1996).

## DISCUSSION AND ANALYSIS

1. **Was the evidence newly discovered and unknown to the Defendant at the time of trial (sentencing)?**

It is undisputed that no later than October 29, 1998, the day the Second District Court of Appeals issued its opinion that the Defendant's two prior state felony convictions resulted from the same criminal episode, the Defendant was aware of the argument that he is belatedly asserting now. Accordingly, the evidence was not newly discovered or unknown to the Defendant at the time of sentencing.

2. **Was the failure to detect the evidence due to a lack of diligence by the Defendant?**

The Defendant was aware at his sentencing hearing on September 16, 2015 that the Second District Court of Appeals issued an opinion on October 29, 1998 that the Defendant's two prior state felony convictions resulted from the same criminal episode. The failure of the Defendant to discover the same was due to the Defendant's own lack of diligence.

---

[3]The court need not consider the final three factors of the *Berry* test because the same are not relevant with respect to whether the court should grant a new trial as to sentencing.

Based on just these two of the five relevant factors, the Defendant has failed to demonstrate that he is entitled to a new trial on sentencing. Moreover, the Defendant's argument is misplaced. The Texas statute that permits prosecution in a single criminal action for the repeated commission of the same or similar offense refers merely to the "same criminal episode." That statute does not condense those "same or similar offenses" committed sequentially into a single offense. They are, and were, separate crimes for sentencing enhancement purposes. Based on the foregoing, Defendant Jay Jurdi's motion for new trial (docket entry #609) is hereby **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 20th day of February, 2018.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE